IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL ELLERD, ) | |
| ) | |
| PLAINTIFF, ) | No. 3:14-00004 |
| ) | Judge Campbell/Brown |
| v. ) | |
| ) | |
| PINTABIAN HORSE REGISTRY, ) | |
| INC., et. al. ) | |
| ) | |
| DEFENDANTS. ) | |

To: The Honorable Judge Todd J. Campbell, United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court are several motions (Docket Entry (DE) 30; 33; 65; and 69). As explained below, the Magistrate Judge **RECOMMENDS** that the Plaintiff's complaint (DE 1) on behalf of International Pinto-Arabian Registry, Inc. be **DISMISSED WITHOUT PREJUDICE** and that the remaining motions (DE 30; 33; 65; and 69) be **TERMINATED AS MOOT**.[1]

### I. Background and Procedural History

The *pro se* Plaintiff filed his complaint on behalf of "Michael Ellerd d.b.a. International Pinto-Arabian Registry, Inc. (IPAR)" (DE 1). By Order dated January 29, 2014, the case was referred to the Magistrate Judge. (DE 5). The Plaintiff amended his complaint, dropping IPAR as a Plaintiff. (DE 20). However, on March 27, 2014, the Magistrate Judge cautioned the Plaintiff that "if during the case it appears the Plaintiff is in fact representing [IPAR] without an attorney, the Plaintiff may face sanctions under 28 U.SC. § 1927." (DE 21, p. 1).

---

[1] The Magistrate Judge notes that a statute of limitations defense may nonetheless bar a subsequent refiling. However, "calculating statutes of limitations . . . [is] normally and properly performed by trained counsel as a matter of course." *Pliler v. Ford,* 542 U.S. 225, 231(2004).

Next, the Plaintiff filed a Motion for Declaratory Judgment or Restraining Order and then a Motion for Default Judgment. (DE 30; 38). After a flurry of filings, the Magistrate Judge again cautioned the Plaintiff on May 06, 2014 that "[i]f it turns out that [the Plaintiff] is proceeding on behalf of the corporation, his case may be subject to dismissal and he may be subject to sanctions." (DE 45, p. 2). The Magistrate Judge likewise cautioned the Defendants that their corporation, Pintabian Horse Registry, must be "represented by an attorney or . . . it may risk the Clerk entering a default as to the corporate Defendant." (DE 45, p. 2).

The Clerk of Court then denied the Plaintiff's Motion for Default Judgment (DE 38) as to Defendant Rozanne Rector (Ms. Rector) and entered default against Pintabian Horse Registry, Inc. because the Defendant corporation had not responded through an attorney. (DE 52). The Clerk informed the Plaintiff that he could file for default judgment *against Pintabian Horse Registry*, but not Ms. Rector due to her pending Motion to Dismiss. (DE 52). The Plaintiff, however, never filed such a motion and instead filed another Motion for Default against Ms. Rector, which the Clerk denied. (DE 68; 70). In his Motion for Default, the Plaintiff requested that:

> [I]t also be ordered by the Court that the Defendant cease any further business activities proclaiming that Federal or State Law require all customers must do business with the corporate defendant and to cease threatening customers in acts of retaliation, simply by choosing to register their horse with any other lawful horse registry . . . . I am much more interested in the defendant's ceasing their threatening method of doing business, by telling the customers that the law requires that they must do business with the Defendants only and that by law they must pay any price they charge.

(DE 68, p. 5). In an Order dated November 25, 2014 (the final Order), the Magistrate Judge noted the Plaintiff's continued attempt to "represent the interests of IPAR, against the Magistrate Judge's orders . . . ." (DE 74, p. 2). The Magistrate Judge explained that "[i]t has been the law for the better part of two centuries . . . , that a corporation may appear in the federal courts only

through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-02 (1993) (citation omitted); (DE 74, p. 1). He informed the Plaintiff that in light of the cautionary March 27 and May 06 Orders as well as the final Order, the Plaintiff had "reached three strikes." (DE 74, p. 2). The Magistrate Judge also informed the Defendants that their "lack of corporate representation is not tolerable." (DE 74, p. 2). He gave the parties "thirty days to have attorneys enter an appearance for their respective corporations, or to otherwise notify the Court of settlement." (DE 74, p. 2). Otherwise, the Magistrate Judge informed the parties that he would recommend dismissal. (DE 74, p. 1).

To date, neither party has had an attorney enter an appearance or informed the Court of a settlement. The motions that are pending are the Plaintiff's Motion for Declaratory Judgment or Restraining Order (DE 30), the Defendant's Motion to Dismiss (DE 33), the Defendant's Motion for a More Definite Statement (DE 65), and the Plaintiff's Motion for Waiver. (DE 69).

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure (FED. R. CIV. P.) 41(b):

When contemplating dismissal of an action under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.,* 173 F.3d 988, 992 (6th Cir. 1999) (citation omitted). None of these factors are considered dispositive. *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 591 (6th Cir. 2001) (citation omitted).

## III. Analysis

Here, based on the Fed. R. Civ. P. 41(b) factors, the Magistrate Judge recommends dismissal without prejudice.

First, the Plaintiff has exhibited willful failure to cooperate because he has failed to comply with the deadline in the final Order. When the circumstances demonstrate that a *pro se* Plaintiff has "failed to adhere to readily comprehend[able] court deadlines of which he was well-aware," the Sixth Circuit has not found any reason for the Court to extend "special consideration" to a *pro se* Plaintiff. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). It is worth questioning whether the Plaintiff was "well-aware" of the deadline at hand because the final Order was returned as unclaimed. (DE 77). However, the record shows that the Plaintiff was aware of the need to obtain corporate counsel even prior to the final Order and its firm deadline. Certified mail receipts show that the Plaintiff received the Magistrate Judge's warnings in the March 27 and May 06 Orders. (DE 26; 50). Moreover, there is nothing in the record to indicate that regular mail being sent to the Plaintiff's last known address has been returned to the Court. The Plaintiff has failed to provide a current mailing address, has not communicated with the Court since October 2014 (DE 69), and has not picked up certified mail during pending litigation. Therefore, the record shows that the Plaintiff has exhibited willful failure to cooperate.

Second, since this case cannot proceed without corporate counsel, the Defendants are prejudiced by being unable to resolve this dispute. Again, they have not retained corporate counsel as required, either. However, the Defendants are prejudiced by simply lacking a current or reliable mailing address for the Plaintiff.

Third, the Plaintiff was warned repeatedly that his failure to cooperate and obtain corporate counsel could lead to sanctions or dismissal. (DE 21, p. 1; DE 45, p. 2; DE 74, p. 1). In the final Order, the Magistrate Judge explicitly wrote that he was "providing final notice that the parties must obtain counsel to represent their respective corporations. Otherwise, the Magistrate Judge will recommend dismissal of the action without prejudice and termination of all pending

motions as to the corporations." (DE 74, p. 1). Therefore, the record shows that the Plaintiff was repeatedly warned about the risk of dismissal.

Fourth, less drastic sanctions have not been recommended because the Magistrate Judge is not persuaded that they would be effective. The Plaintiff was warned repeatedly that his failure to obtain counsel could result in dismissal. Yet, this did not inspire the Plaintiff to either comply or, at a minimum, keep the Court informed of a method by which to contact him. However, the Magistrate Judge does recommend dismissal without prejudice instead of with prejudice.

Finally, it is worth noting that on May 19, 2014, the Magistrate Judge set dispositive motion deadlines for February 2015. (DE 54, p. 4). To the extent that the Plaintiff might argue that he has remaining time in which to file a dispositive motion, the Plaintiff's failure to comply with the final Order prevents the case from advancing further.

Overall, the Plaintiff's inaction and failure to inform the Court of his address demonstrates an abandonment of the action and failure to prosecute. Therefore, the Magistrate Judge recommends dismissal under FED. R. CIV. P. 41(b).

### IV.     Recommendation

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that the Plaintiff's complaint (DE 1) on behalf of International Pinto-Arabian Registry, Inc. be **DISMISSED WITHOUT PREJUDICE** and that the remaining motions (DE 30; 33; 65; and 69) be **TERMINATED AS MOOT.**

Under Fed. R. Civ. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein.  A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure

to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 31st day of December, 2014

/s/Joe. B. Brown_____
Joe B. Brown
United States Magistrate Judge